UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL HENRI MARIE HARLEMAN,

                Petitioner,

    v.

WARDEN, FDC SEATAC,

                Respondent.

CASE NO. 2:24-cv-02176-TMC-GJL

ORDER DENYING EXTENSION AS MOOT AND STRIKING IMPROPER SUPPLEMENT

This federal habeas action filed pursuant to 28 U.S.C. § 2241 has been referred to United States Magistrate Judge Grady J. Leupold. Currently before the Court is Respondent's Motion for Extension of Time to File a Return in light of Petitioner's Supplement to the Petition. Dkt. 7 (Motion); Dkt. 5 (Supplement to Petition). For the reasons explained below, Petitioner's Supplement to the Petition is **STRICKEN** for failure to comply with Rule 15(d) of the Federal Rules of Civil Procedure and Respondent's Motion for Extension of Time is **DENIED as moot**.

## I.     BACKGROUND

Petitioner initiated this action by filing a § 2241 habeas Petition on December 12, 2024.[1] Dkt. 1. The Court directed service upon Respondent on January 7, 2025, and ordered that Respondent file a Return and memorandum in support not later than thirty days after service. Dkt. 4. Approximately two weeks later and without leave of Court, Petitioner filed a Supplement

---

[1] Although Petitioner filed his Petition on December 12, 2024, the Petition was not entered on the docket until January 2, 2025. *See docket*.

to the Petition, raising new claims and alleging unlawful retaliation, legal mail issues, improper calculation of Petitioner's PATTERN score, and an erroneous risk needs assessment. Dkt. 5. On January 27, 2025, Respondent moved for an extension of time to file a Return, arguing additional time was needed to respond to the new claims and allegations raised in Petitioner's Supplement. Dkt. 7.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(1), a party may <u>amend</u> their pleading once as a matter of right within 21 days of service of the pleading or, if the pleading requires a responsive pleading, within 21 days of service of the responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. An amended pleading is a <u>complete substitute</u>, not a supplement, for the initial pleading. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotation and citation omitted).

Supplemental pleadings, on the other hand, are governed by Rule 15(d) of the Federal Rules of Civil Procedure. Rule 15(d) permits the filing of supplemental pleadings "setting out any transaction, occurrence, or event that happened <u>after</u> the date of the pleading to be supplemented," but only "on motion and reasonable notice." *Id.* (emphasis added). A party moving to file a supplemental pleading must show just cause for doing so. *Id.*

Petitioner has characterized his new pleading as a Supplement to the Petition, but he neither sought leave of the Court nor demonstrated just cause for supplementing his Petition. *See* Dkt. 5. As such, the new pleading violates Rule 15(d) and is **STRICKEN**. In addition, Petitioner is **ADVISED** that adherence to procedural rules is essential for the orderly and fair resolution of this action.

1  Turning to the instant Motion, Respondent seeks additional time to file the Return in light

2  of Petitioner's Supplement to the Petition. *Id.* As stated, Petitioner's Supplement to the Petition

3  was improperly filed and is stricken from the record. As a result, Respondent's Motion for

4  Extension of Time is **DENIED as moot**.

### III. CONCLUSION

6  Accordingly, Petitioner's Supplement to the Petition (Dkt. 5) is **STRICKEN** from the

7  record for failure to comply with Federal Rule of Civil Procedure 15(d), and Respondent's

8  Motion for Extension of Time to File a Return (Dkt. 7) is **DENIED as moot**.

9  The Clerk of Court is **DIRECTED** to **STRIKE** Petitioner's Supplement to the Petition

10 (Dkt. 5) on the docket.

11  Dated this 29th day of January, 2025.

Grady J. Leupold
United States Magistrate Judge