UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL HENRI MARIE HARLEMAN,

                      Petitioner,

     v.

WARDEN, FDC SEATAC,

                      Respondent.

CASE NO. 2:24-cv-02176-TMC-GJL

REPORT AND RECOMMENDATION

Noting Date: **March 17, 2025**

      This federal habeas action filed pursuant to 28 U.S.C. § 2241 has been referred to United States Magistrate Judge Grady J. Leupold. Currently before the Court is Petitioner Paul Henri Marie Harleman's Motion for Default Judgment. Dkt. 11. Because Petitioner mistakenly argues that Respondent failed to file the Return before the applicable deadline expired, the undersigned recommends the Motion be **DENIED**.

                      **I.**      **DISCUSSION**

      A litigant may move for entry of default and default judgment if the opposing party fails to plead or otherwise defend. *See* Fed. R. Civ. P. 55. It is in the Court's discretion to grant or deny a motion for default; however, default is disfavored and "whenever it is reasonably

REPORT AND RECOMMENDATION - 1

possible[,] cases should be decided upon their merits." *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991) (quoting *Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989) (internal quotation omitted)). The entry of default judgment is a drastic step that a court should decline to take where, as here, the opposing party either properly defends or demonstrates an intent to defend. *See generally Wilson v. Moore & Assocs.*, 564 F.2d 366, 369 (9th Cir. 1977); *see also Chevalier v. Sutter Hotel*, No. C-07-0401 MMC, 2008 WL 618919, at *1 (N.D. Cal. Mar. 5, 2008) (declining to enter default judgment when defendant submitted its responsive pleading eight days beyond the prescribed deadline).

In his Motion, Petitioner argues he is entitled to default judgment because Respondent failed to file the Return by the Court imposed deadline. Dkt. 11; *see also* Dkt. 4 (Order for Service and Return, § 2241 Petition). Petitioner is mistaken. On January 7, 2025, the Court directed Respondent to file a return "[w]ithin 30 days of the date this Order is posted." *Id.* As such, the final date for Respondent to file a timely return was February 6, 2025, which is the date the Return was filed. *See* Dkt. 9. Therefore, Petitioner has failed to show he is entitled to default judgment in this action.

## II.    CONCLUSION

For the above stated reasons, the undersigned recommends the Motion for Default Judgment (Dkt. 11) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

REPORT AND RECOMMENDATION - 2

1  *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

2  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March**

3  **17, 2025**, as noted in the caption.

4      Dated this 28th day of February, 2025.

                                Grady J. Leupold
                                United States Magistrate Judge

REPORT AND RECOMMENDATION - 3