1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14

PAUL HENRI MARIE HARLEMAN,

Petitioner,

v.

WARDEN, FDC SEATAC,

Respondent.

CASE NO. 2:24-cv-02176-TMC-GJL

ORDER GRANTING MOTION TO
STRIKE WITH LEAVE TO
AMEND

15    This federal habeas action filed pursuant to 28 U.S.C. § 2241 has been referred to United

16 States Magistrate Judge Grady J. Leupold. Before the Court is Respondent's Motion to Strike a

17 new claim raised for the first time in Petitioner's Response to the Return. Dkt. 14. Because

18 Petitioner did not follow the proper procedures for raising additional grounds for habeas relief,

19 the Motion to Strike is **GRANTED**. Nevertheless, if Petitioner still wishes to assert his new

20 claim, he is granted leave to file an amended petition not later than **April 14, 2025**.

21                              **I.    BACKGROUND**

22    In his Petition filed on December 12, 2024, Petitioner raised a single ground for habeas

23 relief stating in full: "Respondent refuses to apply earned FSA time credits." Dkt. 1 at 3. The

24

ORDER GRANTING MOTION TO STRIKE WITH
LEAVE TO AMEND - 1

Petition did not challenge the calculation of Petitioner's earned FSA time credits, nor did it include a ground relating to Petitioner's PATTERN score and risk assessment. *Id.*

Approximately two weeks after the Court directed service of the Petition, Petitioner filed a Supplement to the Petition raising new grounds for relief, including improper calculation of his PATTERN score and an erroneous risk assessment. Dkt. 5. Because Petitioner did not follow the proper procedures for supplementing or amending his Petition, the Court struck the improperly filed Supplement from the record. Dkt. 8. Petitioner was informed of the procedural rules raising new grounds for relief and advised that "adherence to procedural rules is essential for the orderly and fair resolution of this action." *Id.* at 2.

In his Response to the Return, Petitioner claimed he was entitled to federal habeas relief because his PATTERN score and October 2024 risk assessment were erroneous, arbitrary, and violated provisions of the First Step Act and Bureau of Prisons' policy. Dkt. 12 at 1–2. Because the legal and factual basis of this claim was not raised in the Petition and Petitioner did not adhere to the procedures for raising additional grounds for federal habeas relief, Respondent moved to strike the new claim. Dkt. 14. Petitioner disagrees that the claim about his PATTERN score and risk assessment constitute a new ground for relief and, instead, argues they are simply a rebuttal to the position taken by Respondent in the Return. Dkt. 17.

## II.    DISCUSSION

Having reviewed the parties' arguments and the relevant record, the Court concludes that Petitioner's claim about his PATTERN score and October 2024 risk assessment presents a new ground for habeas relief and is not merely a rebuttal to arguments made in the Return.

A response to a habeas return "is not the proper pleading to raise additional grounds for relief." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). In order for a respondent

to be properly advised of—and respond to—all grounds for habeas relief, a petitioner must present any new claims in an amended petition or other form prescribed by the Court. *Id.*

As previously explained to Petitioner, the procedures for filing an amended petition are set forth in Rule 15 of the Federal Rules of Civil Procedure. *See* Dkt. 8. Under Rule 15, a party may amend their pleading once as a matter of right within 21 days of service of the pleading or, if the pleading requires a responsive pleading, within 21 days of service of the responsive pleading, whichever is earlier. Fed. R. Civ. P. 15(a)(1). After the time to amend as of right expires, a party may seek leave of court or consent of the opposing party to file an amended pleading. Fed. R. Civ. P. 15(a)(2).

Petitioner did not file an amended petition before the time to do so as of right expired, nor did he seek leave of court or Respondent's consent to file an amended petition after that time. As such, the new ground for habeas relief raised in Petitioner's Response to the Return is procedurally improper and will not be considered. However, given Petitioner's *pro se* status, the Court will allow Petitioner an opportunity to file an amended petition properly presenting his new claim regarding his PATTERN score and October 2024 risk assessment. *See* Dkt. 12 at 1–2.

### III.    CONCLUSION

Accordingly, the Court **ORDERS** the following:

1.    Respondent's Motion to Strike (Dkt. 14) is **GRANTED**;

2.    The new ground for federal habeas relief improperly presented in Petitioner's Response (Dkt. 12) to the Return is **STRICKEN**;

3.    Petitioner **MAY** file an amended petition not later than **April 14, 2025**. Petitioner is **ADVISED** that any amended petition will be a <u>complete substitute</u> for his current Petition, and the Court **WILL SCREEN** the amended petition for compliance with the Rules Governing § 2254 Cases in United States District Courts **BEFORE** directing Respondent to file a Return. If Petitioner **DOES NOT** file an amended petition by the stated deadline, the Court will proceed with consideration of Respondent's Return

and **WILL ONLY** address the ground for habeas relief set forth in the Petition.

Finally, the Clerk of Court is **DIRECTED** to renote the Return (Dkt. 9) for consideration on **April 14, 2025**. The Clerk is also **DIRECTED** to send Petitioner a copy of the standard form for filing § 2241 petitions along with a copy of this Order.

Dated this 31st day of March, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING MOTION TO STRIKE WITH
LEAVE TO AMEND - 4