UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL HENRI MARIE HARLEMAN,

                Petitioner,

v.

WARDEN, FDC SEATAC,

                Respondent.

CASE NO. 2:24-cv-02176-TMC-GJL

REPORT AND RECOMMENDATION

Noting Date: May 15, 2025

Petitioner Paul Henri Marie Harleman is a federal prisoner confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). Currently pending before the Court is Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he asserts that the Federal Bureau of Prisons ("BOP") failed to properly apply his earned First Step Act ("FSA") time credits to his sentence and early release. Dkt. 1. Upon consideration of the relevant record, the undersigned concludes the sole ground for relief outlined in the Petition is not ripe for adjudication and recommends this action be **DISMISSED without prejudice**.

        **I.**        **BACKGROUND**

The instant Petition challenges the BOP's execution of Petitioner's 64-month sentence of confinement for federal wire fraud and money laundering offenses entered in *United States of*

REPORT AND RECOMMENDATION - 1

*America v. Paul Henri Marie Harleman*, No. 1:21-cr-00128-DKW (D. Haw. judgment entered Jan. 18, 2023).

Upon his arrest for the underlying conviction, Petitioner was housed as a pretrial detainee at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu"). Dkts. 10, 10-1; *see also Harleman*, 1:21-cr-00128-DKW at Dkts. 4, 81. After he was sentenced in January 2023, Petitioner remained at FDC Honolulu on holdover status as he awaited designation to the BOP facility where he would serve his federal sentence. Dkts. 10, 10-1. After approximately seven months on holdover status, Petitioner was designated and transferred to FDC SeaTac in July 2023. *Id.*

Petitioner filed a separate habeas action challenging the execution of this same federal sentence on June 24, 2024. *See Harleman v. Warden*, No. 2:24-cv-00926-BJR, Dkt. 3 (W.D. Wash. Jun. 24, 2024) (hereinafter "Prior Petition"). The sole ground for habeas relief in Petitioner's Prior Petition was that the BOP erred in calculating the total amount of earned FSA time credits that may be applied to his early release. *Id.* at Dkt. 3 at 5. Petitioner argued the BOP refused to recognize the FSA time credits he allegedly earned while on holdover status at FDC Honolulu from January 2023 until July 2023. *Id.*; *see also id.* at Dkt. 10 at 5, 12 (alleging he earned approximately 67 to 70 additional credits while on holdover status). After directing Respondent to show cause on the Prior Petition, the Court determined Petitioner's sole ground for relief was not yet ripe for adjudication and dismissed the Prior Petition without prejudice on December 3, 2024. *Id.* at Dkt. 16.

Petitioner filed the instant Petition on December 12, 2024. Dkt. 1. The sole ground for habeas relief in the Petition states in full: "Respondent refuses to apply earned FSA time credits." Dkt. 1 at 3. Petitioner indicates this ground is the same ground raised in his Prior Petition. *Id.* at 4 (stating he is "refiling" his Prior Petition and "claim for 60–70 days of earned FSA credits").

On January 4, 2025, the Court directed service of the Petition and ordered Respondent to show cause why the Petition should not be granted. Dkt. 4.[1] Respondent filed a Return, arguing the sole ground for relief raised in the Petition is not yet ripe for adjudication. *See* Dkt. 9.[2] In particular, Respondent argues Petitioner has no immediate, concrete injury that would be redressed by a favorable resolution of his Petition, because any ruling that Petitioner *earned* additional FSA time credits would not impact his current eligibility for application of those credits towards his early release date. Dkt. 9 at 6–7. In his Response to the Return, Petitioner alleged, for the first time, that Respondent also erred in determining his eligibility for application of earned FSA time credits. *See* Dkt. 12 at 1–2 (arguing his disqualifying risk assessment was erroneous, arbitrary, and violated provisions of the FSA and BOP policy).

Respondent moved to strike this and other new grounds for habeas relief improperly raised in Petitioner's Response to the Return. Dkt. 14. The Court granted Respondent's Motion, and Petitioner's improperly raised grounds were stricken. Dkt. 18. Out of an abundance of caution, however, the Court provided Petitioner the opportunity to file an amended petition not later than April 14, 2025. *Id.* at 3. Petitioner was advised that, if he did not file an amended petition by the stated deadline, the Court would proceed with consideration of Respondent's Return and will only address the ground for habeas relief set forth in his Petition. *Id.*

---

[1] Approximately two weeks after the Court directed service of the Petition, Petitioner filed a Supplement to the Petition raising several new grounds for relief. Dkt. 5. Because Petitioner did not follow the proper procedures for supplementing or amending his Petition, the Court struck the improperly filed Supplement from the record. Dkt. 8. Petitioner also was informed of the procedural rules raising new grounds for relief and advised that "adherence to procedural rules is essential for the orderly and fair resolution of this action." *Id.* at 2.

[2] Respondent also argues the Petition should be dismissed because Petitioner fails to allege the facts supporting his ground for habeas relief with sufficient clarity or specificity. Dkt. 9 at 5–6. While Respondent's argument is persuasive, the Court will liberally construe Petitioner's *pro se* allegations and assume that the factual basis for the instant Petition is the same as that asserted in Petitioner's Prior Petition. *See Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (district courts are obligated to liberally construe *pro se* litigant filings).

REPORT AND RECOMMENDATION - 3

1  The deadline for Petitioner to amend has elapsed and he has not filed an amended petition
2  with the Court. *See docket.* As such, the Court proceeds with consideration of the Petition,
3  Respondent's Return, and Petitioner's Response thereto. Dkts. 1, 9, 12.

## II.   DISCUSSION

Construed liberally, Petitioner's sole ground for habeas relief is that the BOP refuses to recognize the additional 60 to 70 FSA time credits he allegedly earned while on holdover status. Dkt. 1 at 3–4. Respondent argues the Court should dismiss the Petition as unripe because Petitioner is not currently eligible for application of any earned FSA time credits, so even a favorable adjudication of his claim regarding the amount of FSA time credits Petitioner has earned would not result in his immediate or imminent release. Dkt. 9 at 6–7.

In this regard, Respondent submits evidence showing Petitioner was assessed at a "medium" recidivism risk at his October 2024 risk assessment, which makes him ineligible to apply any earned FSA time credits towards early release under 18 U.S.C. § 3624(g)(1)(D)(ii) (requiring that eligible prisoners must "ha[ve] been determined…to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner"). Dkts. 10, 10-3. The Court agrees with Respondent.

### A.   FSA Time Credits

Congress enacted the FSA on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. The FSA called for the implementation of a "risk and needs assessment" system to evaluate federal inmates' recidivism risk and included a directive to establish evidence-based recidivism reduction programs. 18 U.S.C. § 3632(a)–(b). The FSA also established various incentives for inmates to participate in its recidivism reduction programming. 18 U.S.C. § 3632(d). One such incentive was the awarding of "time credits" to "be applied toward time in prerelease custody or

REPORT AND RECOMMENDATION - 4

supervised release" upon an eligible prisoners' successful completion of certain recidivism reduction programming. 18 U.S.C. § 3632(d)(4)(C).

There are at least two levels of eligibility for this incentive. A prisoner must first be eligible to earn FSA time credits; those prisoners who are ineligible to earn FSA time credits through recidivism reduction programming are outlined in 18 U.S.C. § 3632(d)(4)(D). Eligible prisoners can earn ten days of FSA time credits for every thirty days of successfully completed recidivism reduction programming. 18 U.S.C. § 3632(d)(4)(A)(i). An additional five days of FSA time credits can be earned for the same programming if (1) the BOP assesses an eligible prisoner's risk of recidivating as "minimum" or "low" and (2) that prisoner has maintained or decreased their recidivism risk over two consecutive BOP assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

At the second level of eligibility, a prisoner must be eligible to apply their earned credits to early release, the requirements of which are outlined in 18 U.S.C. § 3624(g)(1). Section 3624 (g)(1) provides that FSA credits can be applied towards early release only when (A) the accumulated credits are equal to the remainder of the prisoner's prison term; (B) the prisoner has demonstrated a recidivism risk reduction or maintained a minimum or low recidivism risk; (C) the remainder of the imposed term of imprisonment has been computed; and (D) the prisoner has been determined to be a minimum or low risk to recidivate based on the last risk assessment for supervised release, or the last two risk assessments for transfer to prerelease custody. 18 U.S.C. § 3624(g)(1); 28 C.F.R. § 523.44(b)–(d).

As explained below, failure to afford a fully eligible prisoner the benefit of their earned FSA time credits may give rise to habeas relief, but such a claim must be ripe for review. *See Patrick v. Heckard*, No. 5:23-CV-00234, 2024 WL 770631, at *4 (S.D. W. Va. Jan. 26, 2024) (cleaned up), *report and recommendation adopted*, 2024 WL 767179 (S.D. W. Va. Feb. 22,

2024) ("[A]n inmate requesting application of [FSA time credits] before such application would result in his immediate release would be essentially seeking an advisory opinion from the court.").

**B.       Ripeness**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and a claim's ripeness for review is one component of federal courts' limited jurisdiction. *Bova v. City of Medford*, 564 F.3d 1093, 1095–96 (9th Cir. 2009). Whereas other jurisdictional requirements concern whether, where, and by whom a case may be brought, "ripeness addresses *when* litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997) (emphasis in original).

The concept of ripeness is best defined in the negative: "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations and citations omitted). When a claim challenges an administrative decision (such as the calculation of early release under the FSA), the ripeness doctrine prevents "courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies." *Nat'l Park Hosp. Ass'n v. Dept' of Interior*, 538 U.S. 803, 807 (2003) (quoting *Abbot Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). It also shields "agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* at 807–08 (quoting *Abbot Labs*, 387 U.S. at 148–49).

A habeas claim alleging the BOP miscalculated earned FSA time credits is ripe for review only if a favorable disposition of the claim would result in the petitioner's immediate or imminent release. *See, e.g.*, *Parviz v. Barron*, No. 2:23-CV-1407-JHC-DWC, 2024 WL

REPORT AND RECOMMENDATION - 6

2884592, at *3–4 (W.D. Wash. May 17, 2024), *report and recommendation adopted*, 2024 WL 2882268 (W.D. Wash. June 7, 2024); *Adkins v. Engleman*, No. 22-cv-1988-JLS-MRW, 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022), *report and recommendation adopted*, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022); *Turner v. Heisner*, 22-cv-00178-PHX-JAT, 2022 WL 2195348 at *3 (D. Ariz. May 16, 2022), *report and recommendation adopted*, 2022 WL 2192212 (D. Ariz. June 17, 2022). Petitions alleging unripe FSA claims should be dismissed with the right to refile once ripe. *See Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E.D.N.Y. June 29, 2022).

In applying the ripeness doctrine to Petitioner's Prior Petition, this Court noted that:

> [A] favorable decision issued today (or before the end of this calendar year) would have no impact on Petitioner's current custody status and would require revision if Petitioner failed to earn or retain FSA time credits according to his estimations. This is precisely the sort of premature adjudication based on uncertain events that the ripeness doctrine guards against.

*Harleman*, 2:24-cv-00926-BJR at Dkt. 14 at 6–7. The Court must similarly avoid premature adjudication of Petitioner's earned FSA time credits in this action.

Here, Petitioner again argues he is entitled to habeas relief because the BOP incorrectly calculated the amount of FSA time credits he has earned to date. However, even if Petitioner is correct that he has earned more credits than currently recognized by the BOP, Respondent has shown that Petitioner is not currently eligible to have *any* earned credits applied toward his early release. Dkt. 9 at 6–7. Therefore, a favorable disposition of the sole ground for relief raised in the instant Petition would have no impact on Petitioner's current custody status and would not require his immediate or imminent release from custody.

In particular, Respondent submits evidence showing that Petitioner was assessed at a "medium" recidivism risk at his most recent risk assessment, which occurred in October 2024. Dkt. 10-3 at 2 (FSA Time Credit Assessment). As a recent risk assessment above "low" or "minimum" is a disqualifying condition under 18 U.S.C. § 3624(g)(1)(D), Petitioner is not

REPORT AND RECOMMENDATION - 7

currently eligible to apply any amount of earned FSA time credits towards early release. While Petitioner urges that the risk assessment resulting in his present ineligibility to apply earned credits was made in error, he has failed to present this additional ground for habeas relief using the proper procedures. *See* Dkt. 12. This is so, even though Petitioner was advised of the proper procedures for raising new grounds for relief and was provided ample opportunity to amend his Petition. *See* Dkt. 18.

In sum, because a favorable disposition of Petitioner's earned-credit claim would not result in his immediate or imminent release, the sole ground for relief raised in the Petition is currently unripe for adjudication. As other courts have done before, this Court does recognize the inconvenience that such a dismissal of an unripe habeas petition may impose upon Petitioner. *See Tran v. Thompson*, No. 2:21-cv-1707, 2022 WL 2672478, at *2 (E.D. Cal. 2022)); *Patrick*, 2024 WL 770631, at *4. Nevertheless, Petitioner was provided the opportunity to amend his Petition after receiving notice of Respondent's ripeness argument[3] and chose not to do so. *See docket*. Under these circumstances, dismissal of the Petition as unripe would be in the interest of justice.

### III.  CONCLUSION

For the above-stated reasons, the undersigned recommends the Petition (Dkt. 1) be **DENIED** and this action be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

---

[3] Petitioner also received notice that he must be eligible—not only to earn FSA time credits—but to have earned FSA time credits applied towards his early release with regard to his Prior Petition. *See generally Harleman*, 2:24-cv-00926-BJR at Dkt. 14 at 3–4 (outlining the eligibility requirements for early release under the FSA). Despite this, Petitioner did not raise any ground for relief contesting his eligibility to apply earned FSA credits in the instant Petition, nor did he choose to do so in an amended petition.

R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 15, 2025**, as noted in the caption.

Dated this 30th day of April, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9